## TERRITORY *v.* KAPELIELA KAEHA.

## No. 1094.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT,
HON. C. W. ASHFORD, JUDGE.

SUBMITTED OCTOBER 11, 1918.   DECIDED OCTOBER 17, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

CRIMINAL LAW—*instructions.*

An erroneous instruction, clearly prejudicial, cannot be cured by another instruction which correctly states the law but does not call the attention of the jury to the erroneous instruction.

SAME—*same.*

The defendant in a criminal trial has the right to have the court instruct the jury in the law applicable to his contention, if supported by substantial evidence, however weak, unsatisfactory or inconclusive it may appear to the court.

MURDER.

Murder committed in the commission or attempt to commit a crime not punishable with death and not committed with extreme atrocity or cruelty is not, *per se*, murder in the first degree.

OPINION OF THE COURT BY EDINGS, J.

The defendant was tried in the circuit court of the first circuit of this Territory under an indictment charging him with murder in the first degree and was convicted by a jury of the crime of murder in the first degree.

The defendant now comes to this court on exceptions. The exception numbered two being the exception chiefly relied upon by counsel in his brief and in his argument will be here considered, together with exception numbered thirteen, the latter being to the overruling of defendant's motion for a new trial.

Exception No. 2. "That thereafter evidence having been adduced on the part of the prosecution and on the

part of defendant, and the prosecution and defendant having rested, the court charged the jury on the law of the case, whereupon the following proceedings were had.

"The court addressing the jury, says:

" 'I again digress from the written request for instructions to instruct you, gentlemen, that there is nothing in this case to show any justification or legal excuse, or authority, justification or extenuation by law for the shooting by the defendant.'

"Mr. Lightfoot: 'At this time, may it please the court,'—

"The Court: 'Not at this time, sir, later on, if you wish'

"And further charging, the said court instructed the jury as follows:

" 'And I again digress from the written requests for instructions to instruct you that there is nothing shown in this case to indicate any just cause or provocation or authority or justification by law for the shooting in question.'

"That at the conclusion of said charge to the jury the defendant, by his attorney noted his exception to all of the instructions of the court and to the remarks on the ground that they were comment on the evidence, whereupon the following proceedings were had.

"The Court: 'What remarks do you refer to now?'

"Mr. Lightfoot: 'The remarks that the evidence in this case does not show that there was any extenuating circumstance. I don't remember the language used by the court.'

"The Court: 'If counsel, and Mr. Lightfoot is not the only one who has shown himself derelict in this respect, will only read the statutes, they will know more than some of them do now in regard to the scope of the powers of the court in addressing a jury with reference to the evidence. The court may not instruct the jury with reference to the weight or the credibility of the evidence, nor its strength or its weakness, or the manner or demeanor or reliability or credibility of any witness; all of these things are entirely and solely and exclusively within the scope of the jury's duty, but I may be pardoned for mentioning the fact that, as I drew that statute myself in 1892, I am

fairly familiar with its terms, and one of the terms is that the court may always tell the jury whether there is or is not evidence upon any particular point or to support any particular conclusion. I therefore repeat to you, gentlemen, that there is no evidence in this case from which you would be justified in finding that there was any authority or justification in law, on the part of the defendant, for firing the shot which it has been testified was the cause of the death of Hoshino. Now, do you wish to take any further exception?"

"Mr. Lightfoot: 'Yes. I wish to take exception to the last remark of the court; that is, to all the last remarks of the court, made since I took my last exceptions.'

"The Court: 'The exception will be noted.'"

Tokuyo Hoshino, a witness called on behalf of the prosecution, testified in part as follows: That she was awakened by a terrible noise; that her father (the deceased) was crying out "All come and help, all come and help;" that there was a man there; that she got out on the veranda and heard the report of a pistol; that she saw her father and the defendant wrestling inside and outside of the room; that she saw one Nagahama striking the defendant over the head with a broom; that the defendant was at the head of the stairs at this time.

. J. Nagahama, a witness on behalf of the prosecution, testified among other things as follows: That he heard Hoshino (the deceased) say, "I have caught hold—caught a robber;" that he (witness) grabbed a broom and came to the assistance of Hoshino; that when he got out they (the defendant and Hoshino) were in the hallway near the stairs; that he (witness) struck the defendant with a broom; that the defendant and Hoshino were struggling with each other; that while witness was striking the defendant the pistol was discharged.

Dr. Ayer, a witness on behalf of the prosecution, testified *inter alios* that the cause of the death was a gunshot wound on the right side of the heart; that the wound was

badly burned, even into the wound; that there was a wound on the back of the head of the deceased, made with a blunt instrument.

The defendant, Kaeha, testified on his own behalf, in part as follows: That when he got to the room of the deceased the door was open about a foot and a half; that when he (defendant) was part in the room he heard a noise close to him and saw the deceased; that he could not get away and punched him (deceased); that he (defendant) then drew his revolver and struck deceased over the head with it; then he (defendant) turned round and tried to run; that deceased grabbed his (defendant's) coat at the back; that he then pulled the deceased out on the veranda; that he pulled him (deceased); that he pulled him all the way from his room until he almost reached the steps; that when he and the deceased got to the head of the steps he tried to strike the deceased with the revolver; that the deceased grabbed the revolver; that deceased had hold of the revolver by the barrel, trying to get it away from him (defendant), at the time the revolver was discharged; that at the time they were struggling for the revolver there was another Japanese beating him (defendant) over the head with a broom; that the revolver was discharged by the deceased pulling on the barrel of the revolver; that he went to the room of deceased to rob him.

The statute of this Territory defines murder in the first degree as: "Murder committed with deliberate premeditated malice aforethought; or in the commission or attempt to commit any crime punishable with death, or committed with extreme atrocity or cruelty."

The defendant in this case could only have been found guilty of murder in the first degree if the killing was with deliberate, premeditated malice aforethought, or committed with extreme atrocity or cruelty, because the deceased was killed while the defendant was committing or attempting

to commit the crime of robbery, a crime which is not pun-ishable by death in this Territory.

The instructions and comments of the trial judge, above recited, were unfair and prejudicial to the defendant and were not cured by any other instruction given at the trial.

An erroneous instruction, clearly prejudicial, cannot be cured by another instruction which correctly states the law, but does not call the attention of the jury to the erroneous instruction. *People* v. *Westlake,* 124 Cal. 452.

It is the exclusive province of the jury to determine all questions of fact in the case. *Clark* v. *Goddard,* 39 Ala. 164. Hence an instruction which takes from the jury a matter within its exclusive province, as for instance the degree of guilt of the accused, amounts to an invasion and is erroneous.

In this trial the attitude of the court was tantamount to an instruction to the jury to disregard the testimony of the defendant.

On a trial under an indictment for murder, where it is shown that the defendant killed the deceased by shooting him with a shotgun, and the evidence for the state tended to show that the killing was intentional, while the evidence for defendant tended to show that it was accidental, whether or not the killing was intentional or not is for the determination of the jury. *Dixon* v. *State,* 129 Ala. 54, 29 So. 623.

We have no hesitation in applying to this case the lan-guage used in *Territory* v. *Alcantara,* 24 Haw. 208-209: "The defendant in a criminal prosecution has the right to have the court instruct the jury in the law applicable to his contention, if supported by substantial evidence, how-ever weak, unsatisfactory or inconclusive it may appear to the court. To refuse to so instruct the jury would be to evade its province in the trial of a case. The question is not whether, in the mind of the court, the evidence as a

whole excludes the idea that the defendant is guilty of an inferior degree of the offense charged, but whether there is any substantial evidence tending to prove an inferior degree of the offense. If there is, then the question of such degree should be submitted to, and left for the determination of, the jury. The unsupported testimony of the defendant alone, if tending to establish such inferior degree, is sufficient to require the court to so instruct."

The other exceptions need not be considered as they involve questions which probably will not arise at the new trial, or if they do will arise under different circumstances.

The exceptions numbered two and thirteen are sustained and the cause is remanded to the circuit court for a new trial.

*A. M. Cristy,* First Deputy City and County Attorney (*A. M. Brown,* City and County Attorney, with him on the brief), for the Territory.

*Lightfoot & Lightfoot* for defendant.