## 10965.    MASSIE v. THE STATE.

1. A sufficient retraction of an incorrect instruction to the jury was made where, immediately after the instruction had been given, counsel interrupted the charge of the court and called attention to the error, and thereupon the judge gave a correct instruction covering the same matter, although he did not expressly state that the incorrect instruction was withdrawn.

2. Refusal to allow the jury to view the premises at which a disorderly house was alleged to have been kept by the defendant was not cause for a new trial.

3. Perjury of a witness is not ground for a new trial, unless it appears that the witness wilfully and corruptly swore falsely, and was duly convicted thereof, and that the verdict rendered could not have been obtained without his testimony.  Civil Code (1910), § 5961.

4. The evidence authorized the verdict.

DECIDED DECEMBER 9, 1919.

Accusation of keeping disorderly house; from city court of Brunswick—Judge Krauss.    September 6, 1919.

*Frank H. Harris, R. W. Durden,* for plaintiff in error.

*F. M. Scarlett, solicitor,* contra.

BLOODWORTH, J.    1. The 4th ground of the motion for new trial, complains that the court erred in giving an erroneous charge to the jury, and states that "immediately counsel for defendant called the attention of the court that the charge was erroneous, and thereupon the court charged" the correct law.    We think that when the judge immediately after he was interrupted by counsel with the statement that the charge was erroneous, and evidently because of the suggestion of counsel, corrected his charge by giving to the jury what is conceded by counsel to be a correct charge, the erroneous charge was retracted as effectively as if the judge had expressly stated to the jury that he had withdrawn it.    The jury as intelligent men must have known that the charge given immediately after the interruption was substituted for the incorrect charge to which counsel objected, and they could not have been misled or confused by the erroneous charge.

2. Error is assigned upon the refusal of the judge to grant the request made by counsel for plaintiff in error that the jury be allowed to "view the premises" where the alleged disorderly conduct was carried on.    In his brief counsel for the plaintiff in error cites the case of *County of Bibb* v. *Reese,* 115 *Ga.* 346, 349 (41 S. E. 637), as supporting his contention.    In the opinion in

that case it is stated: "It seems that at common law this right of the judge to permit the jury to view the premises existed only in real and mixed actions, and did not extend to personal actions and criminal cases without the consent of both parties." It will thus be seen that at common law the right of the judge to allow the jury to view the premises did not extend to *"criminal cases without the consent of both parties."* There is no claim that such consent was given in this case, nor that there is in Georgia a statute allowing the jury to inspect the premises. At common law, even where the judge could allow the jury to visit and view the premises, whether he did so or not was entirely in his discretion. It is therefore clear that no reversible error is shown by this ground of the motion.

3. The 7th ground complains that the verdict is the result of perjury on the part of certain witnesses for the State. Before a verdict can be set aside in consequence of perjury, it must appear that the perjury was "corrupt and wilful," and that the person charged with such perjury "shall have been thereof duly convicted," and that the verdict "could not have been obtained and entered up without the evidence of such perjured person." Neither of these is shown in this ground. It is therefore without merit. Civil Code (1910), § 5961; *Munro* v. *Moody,* 78 *Ga.* 127 (2) (2 S. E. 688).

4. The 6th ground of the motion is but an amplification of the general grounds. "There was some slight evidence authorizing the verdict; and the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618), and cit.

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*