(No. 2735. April 23, 1923.)

## STATE v. PENNINGTON.

### SYLLABUS BY THE COURT.

Upon the concession of the Attorney General for the state that the evidence preponderated in favor of the defendant upon his plea of self-defense, we deem the guilt of the defendant not established beyond a reasonable doubt, and that he is entitled, upon his motion, for a directed verdict, to now be discharged.

Appeal from District Court, San Miguel County; Leahy, Judge.

Thomas P. Pennington was convicted of manslaughter, and he appeals. Reversed and remanded, with instructions to dismiss the cause and discharge appellant.

Ward, Askren & Hedgcock, of East Las Vegas, for appellant.

Harry S. Bowman, Atty. Gen., and A. M. Edwards, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT.

PARKER, C. J. The appellant was charged with murder, tried, and convicted of manslaughter, and the case is here upon appeal. The defense interposed was that the appellant killed in self-defense. All of the evidence, both for the prosecution and the defense, tends to support this theory of the transaction. The appellant was a tubercular, suffering from active tuberculosis in both lungs. He was a weakling, and the deceased was a strong, active, wiry man. Both were interested in the same young lady, and the deceased undertook to drive the appellant away from her by threats and intimidation, and at the fatal encounter by vicious assault upon appellant. Appellant drove to Las Vegas with the young lady in his car with him, and the deceased upon seeing them, turned his car around and followed them along the business streets of Las Vegas until the appellant stopped in front of a

prominent business place in that city. The deceased at once began his threats and assault, and invited the appellant out to fight, which invitation was declined. The appellant stayed in his car, and the deceased jumped into the car, commenced beating the appellant with his fists, got him down on the floor of the car under the steering wheel, and was beating him unmercifully when the appellant got out a little pistol, which he carried, and killed the deceased. Many other threats had been uttered by the deceased against the appellant, and many circumstances appear tending to show that the deceased proposed on this occasion to kill the appellant or do him great bodily harm. Just how the jury could convict the appellant, under the circumstances developed at the trial, it is difficult for this court to understand. It must have been upon the theory that the appellant's resistance of the assault of the deceased was excessive, in that the deceased was unarmed at the time, and was assaulting the appellant with his fists only, although the appellant had testified that he believed the deceased had a gun, and was proposing to use it in accordance with his previous threats. At the close of the testimony for the prosecution, and again at the close of the whole case, counsel for appellant moved the court for a directed verdict of acquittal, which was denied.

While the Attorney General argues that, in accordance with the well-established doctrines of this court, the case should have been submitted to the jury, as was done, leaving to the jury to determine whether the killing was done either in a sudden quarrel, or in the heat of passion, without legal justification, still he does make the following admission in the brief:

"There is no question but that the preponderance of the evidence supports that defense" (self-defense).

If the evidence preponderates in the support of the plea of self-defense it is impossible that the guilt of the appellant could have been established beyond a reasonable doubt. The two propositions are incompatible. The evidence could not have preponderated in

favor of the appellant and still have warranted his conviction upon the theory that his guilt had been established beyond a reasonable doubt. But for this concession on the part of the state we would feel bound to affirm this judgment upon the theory that it was for the jury to determine where, beyond a reasonable doubt, the truth in the matter lay. But, without desiring to encroach upon the doctrine prohibiting excessive resistance, nor to abandon the doctrine that it is for the jury to pass upon the facts, we feel in a case like this, where it is extremely doubtful as to the guilt of the appellant, that we may, and should, rely upon the concession of the state, that the evidence preponderates in favor of the appellant.

It follows that the judgment of the district court is erroneous, and should be reversed, and the case remanded, with instructions to set aside the judgment, dismiss the cause, and discharge the appellant; and it is so ordered.

BRATTON and BOTTS, JJ., concur.