[No. 3209. Feb. 10, 1928. Rehearing Denied May 2, 1928.]

STATE v. TRUJILLO.

[266 Pac. 922.]

Neal & Neal, of Las Vegas, for appellant.

Robert C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J. This appeal is from a conviction and sentence for statutory rape.

The prosecutrix, 15 years of age, was living with a 9 or 10 year old brother, and a sister 6 years old, and two older brothers. At 9 or 10 o'clock in the evening she and her youngest brother and her sister were alone and asleep in the house. Appellant, the husband of the prosecutrix' older sister, entered the house, came to prosecutrix' bed, and, on the latter calling out, seized her by the throat, threw her down on the floor, pulled her out of the house, took her some distance to a clump of bushes, and ravished her. By the prosecutrix' outcries, the children were aroused, and she told them to call her aunt, who lived but a short distance away. After the outrage the prosecutrix went immediately to her aunt and complained, naming appellant as her assailant. She was clothed in a nightgown. Her hair was disheveled. She was muddy and perspiring. Two weeks later a medical examination disclosed that prosecutrix' hymen had been ruptured, and that she was suffering from gonorrhœa of about two weeks standing. This is, in the main, the evidence on the part of the state.

It is here vigorously urged that the evidence was insufficient to support the conviction. There was no mo-

tion for a directed verdict and the sufficiency of the state's case was first questioned by motion for a new trial. Consequently appellant cannot demand, as of right, a consideration of his present contention. He invokes our inherent power to prevent fundamental injustice. State v. Garcia, 19 N. M. 421, 143 P. 1012. Such power we exercised in State v. Taylor, 32 N. M. 163, 252 P. 984, where the prosecutrix' inherently improbable story was uncorroborated by any unequivocal fact pointing unerringly to guilt. Following that case, we are not to weigh the prosecutrix' evidence as against appellant's denial and the evidence adduced on the part of the defense. We only inquire as to whether it is inherently improbable and wholly uncorroborated. The facts, as set forth, show a legal corroboration under the previous decisions of this court. The story narrated by the prosecutrix is not inherently improbable in the sense that term is used in the Taylor Case. and in the cases there cited. We are satisfied that this is not a proper occasion for interference by this court.

By motion in arrest of judgment objection was made, for the first time, that the information was verified by the district attorney on information and belief. It was then, and is now, contended that this is a fatal defect, since Laws 1925, chapter 145, section 2, requires that "all information shall be verified by the oath of the prosecuting attorney, complainant or some other person."

In State v. Taylor 33 N. M. 35, 261 P. 808, we found that sections 5-27 of said chapter 145 were taken from Oklahoma. We now find that sections 1, 2, and 3 of that chapter were also taken from Oklahoma, and are identical with sections 5693-5695 of its Revised Laws of 1910. We therefore look to the decisions of that state prior to our adoption of the statute. As pointed out by appellant, it had been held that a verification on information and belief was insufficient. It had been held even that a former provision, expressly authorizing verification by the district attorney on information and belief, was unconstitutional; violative of the provision that warrants should not issue except upon probable cause, supported by oath or affirmation. But by a series of decis-

ions found in the Fourth Oklahoma Criminal Reports, it was held that this constitutional provision, being for the benefit of the accused, might be waived, and was waived, if not raised before plea; was not jurisdictional, and could not be raised by motion in arrest of judgment. Muldrow v. State, at page 324, 111 P. 656; Blair v. State, at page 359, 111 P. 1003; In re Talley, at page 398, 112 P. 36, 31 L. R. A. (N. S.) 805, and Heacock et al. v. State, at page 606, 112 P. 949. Later decisions are to the same effect. Henson v. State, 5 Okl. Cr. 201, 114 P. 630; Martin v. State, 5 Okl. Cr. 355, 114 P. 1112; Brown v. State, 9 Okl. Cr. 382, 132 P. 359; Files v. State, 16 Okl. Cr. 363, 182 P. 911.

We are here met with a peculiar situation. The Oklahoma decisions hold that the statute in question applies only to misdemeanors, and that an information for a felony requires no verification whatever. This is based upon the fact that when the statute was adopted only misdemeanors could be prosecuted by information. The distinction, from a constitutional standpoint, is this: An information for felony is preceded by a preliminary examination. The citizen is not deprived of his liberty, nor put to trial, solely upon the information. There are proceedings and sworn facts antecedent. Such is not the case when only a misdemeanor is charged.

In New Mexico, however, the situation is different. The express purpose of chapter 145 was to "vitalize" the amendment to our Constitution permitting prosecution of felonies by information. Whether this difference changes the ordinary rule as to the binding effect of the Oklahoma decisions we do not pause to consider. In re Talley, supra, carefully examines the question on principle and authority. It is there held that the constitutional provision corresponding to our article 2, § 10, relative to arrests, searches, and seizures, and the statutory provisions corresponding to our Code of 1915, § 4428, relative to the issuance of warrants, and to our Laws of 1925, c. 145, § 2, here particularly in question, relative to verification of informations, are to be considered in pari materia; their general purpose being "the preservation of the personal

security and liberty of the individual, by forbidding the issuance of a warrant for his arrest except upon probable cause shown under oath, and by preventing as far as possible the institution of baseless and unfounded prosecutions." Such provisions do not .deal with the essentials of an information as an accusation, and do not go to the jurisdiction. They merely prescribe rights of which an accused person is not to be deprived if he claims them at the proper time; but if he pleads and goes to trial upon an information, defectively verified, or not verified at all, he, in effect, "admits what the verification is intended to show, namely, that there exists probable cause to believe him guilty sufficient to warrant his arrest and trial on the charge." This reasoning is supported by decisions there cited from Kansas, Nebraska, Missouri, North Dakota, Minnesota, Montana, and other states, which fully satisfy us of its correctness. The question was therefore raised too late, and the contention must be overruled.

■ After plea, and during the trial, appellant offered affirmative evidence to show that he had had no preliminary examination upon the present charge, and thereupon moved to dismiss for want of jurisdiction. The question was later raised by his motion in arrest. As we have just held in State v. Vigil 33 N. M. 365, 266 P. 920, the objection came too late.

■ The court overruled a motion for continuance, based upon the absence of witnesses Leandro Trujillo and Placido Pando; the former of whom, it was said, would testify that on the evening of the crime he was with the accused at a dance from the forepart of the night until after midnight, and that at the time of the crime (9 or 10 o'clock) he and the accused were three miles distant from the scene. The latter, it was said, would testify to the same facts as the former, and in addition, that the morning following the rape the prosecutrix, on being questioned by him, told him that she did not know who the guilty person was. The district attorney admitted that, if the witnesses were present, they would testify, respectively, as set forth in the affidavit. Thereupon the court overruled the motion.

It is here contended that the court erred in not requiring the district attorney to admit, not only that the witnesses would so testify, but that the facts to which they would so testify were true. The court acted under Code 1915, § 4461, which reads as follows:

"If the application for continuance is insufficient it shall be overruled; if held sufficient the cause shall be continued, unless the opposite party will admit that the witness, if present, would testify to the facts therein stated, in which event the cause shall not be continued, but the party may read as evidence of such witness the facts held by the court to be properly stated."

Appellant contends that, though this section was held applicable to criminal cases in State v. Emilio, 14 N. M. 147, 89 P. 239, and was given effect, the question of its constitutionality has never been decided in this jurisdiction. He urges that such a statute, as applied to criminal cases, is violative of the constitutional right of an accused person to have compulsory process for the attendance of his witnesses. Counsel's able and vigorous argument upon this point need not be considered. We find the matter ruled by the principles laid down in State v. Chavez, 19 N. M. 325, 143 P. 922, Ann. Cas. 1917B, 127. It was there held that, if upon the trial it appeared that the affidavit of the defendant was not true, the overruling of the motion for a continuance, even if technically erroneous at the time, became harmless. One of the essentials of an affidavit for continuance is an allegation that the fact sought to be proved by the absent witness cannot be proven by any other known witness. The affidavit in question so alleges with respect to the facts which Trujillo would testify, but not as to the additional facts to which Pando would testify. Therefore it is only the facts tending to show an alibi upon which appellant can rely. At the trial, there were several witnesses whose evidence went more or less to establish the fact that the accused was at the dance at Cleveland during the evening on which the crime was committed. But Gregorio Pando, brother of the prosecutrix and of Placido Pando, the absent witness, testified that he was with the accused at the dance at Cleveland from not later than 8 o'clock until half past ten, when the dance broke up; that he then accompanied the accused from the dance to his home, left him there, and

went to his own home, where he learned of the alleged rape; and that during all of this time he was in company, not only with the accused, but with the absent witness, Placido, who, it was alleged in the affidavit, would testify to the same alibi as the other absent witness. We think, therefore, that the case comes squarely within the holding in State v. Chavez, supra. The contention must be overruled.

The evidence of the physician who made the physical examination was objected to because the examination was so remote as to be without probative force. The lapse of two weeks would have some bearing on the weight of the evidence, but, in our judgment, did not render it inadmissible.

It is contended that the court erred in permitting to be read in evidence the testimony of a witness given at the preliminary hearing. This witness, according to the showing, was in Colorado. We do not think we are called upon to disturb, as an abuse of discretion, the action of the trial court. State v. Jackson, 30 N. M. 309, 233 P. 49. The facts as to diligence in endeavoring to obtain attendance of the witness are not substantially distinguishable from those in the case cited. In this connection it is suggested that Laws 1919, chapter 29, § 7, specifies the only circumstances under which the former evidence may be received, namely, when the witness is dead, insane, a nonresident of the state, or his whereabouts cannot, after diligent effort, be ascertained. It is urged that whatever may have been the prior law, no situation, except one specified in the statute, will justify the admission of former testimony. The contention is based upon wrong construction. The statute creates no new right or remedy. It is declaratory of common law fully established in this jurisdiction. It is affirmative in form. No negative is expressed or implied. Such a statute does not "take away the common law in relation to the same matter." Lewis, Sutherland Stat. Const. §§ 329-331; 36 Cyc. 1115; 25 R. C. L. "Statutes," § 280.

Certain objections are here made to instructions given and to those refused. But as no exceptions were

taken either to the giving or to the refusal, appellant is not in a position to urge them. Laws 1917, c. 43, § 37; State v. Davisson, 28 N. M. 653, 217 P. 240; State v. Starr, 24 N. M. 180, and cases cited at page 199, 173 P. 674.

Finding no available error, the judgment will be affirmed.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.