129 P.2d 634

**STATE v. GALLEGOS.**

No. 4712.

Supreme Court of New Mexico.

Sept. 15, 1942.

Thomas V. Truder, of Las Vegas, for appellant.

Edward P. Chase, Atty. Gen., and Wm. R. Federici, Asst. Atty. Gen., for appellee.

MABRY, Justice.

Appellant was convicted of driving an automobile upon the public highways of the

state while under the influence of intoxicating liquor and was sentenced to serve not less than six months nor more than one year in the state penitentiary. Appellant and the Attorney General agreed that this was a conviction of a felony.

There are two assignments of error; (1) that the defendant did not have or waive a preliminary examination and that the court was therefore without jurisdiction to try the said cause. (2) that there was an abuse of discretion on the part of the District court in overruling a motion for continuance.

■ Section 14 of Art. 2 of the New Mexico Constitution provides, among other things, that no persons shall be held on an information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. A question arises as to whether appellant actually had a preliminary examination, or, whether he waived one. The state contends that there was an examination held before the District judge of San Miguel county sitting as a committing magistrate, and, that if this were not, in fact, a preliminary examination, appellant at least waived such examination before going to trial.

The record is not clear as to whether such examination was held, but it is clear that on the 8th day of December, that appellant was arraigned, an appearance by an attorney on his behalf was entered of record, appellant waived the reading of the information and entered a plea of not guilty.

The case was forthwith set down for hearing for the following day at 9 o'clock. Counsel for appellant had, in the interim, and prior to going to trial, moved for continuance because of the absence of material witnesses and the motion was overruled.

The state points out that even though appellant had no preliminary hearing, by pleading to the information without raising the question, he thereby waived it. There seems to be ample support in the cases for this contention. See State v. Rogers, 31 N.M. 485, 247 P. 828; State v. Trujillo, 33 N.M. 370, 266 P. 922; State v. Vigil, 33 N.M. 365, 266 P. 920; State v. Parker, 34 N.M. 486, 285 P. 490.

This exact point was before this court in State v. Vigil, supra [33 N.M. 365, 266 P. 921], and we there held that "it being a right which may be waived, it may be waived at one time as well as at another. When the accused is arraigned, if he makes no objection, but pleads not guilty, he must be held to have waived examination, if he has not already received one."

This point is without merit.

■ There is likewise no merit to point number two, which is that there was an abuse of discretion on the part of the District court in overruling appellant's motion for a continuance. The motion was filed just prior to appellant's going upon trial and it is alleged as grounds for continuance that two certain material witnesses on behalf of the defendant were at the time outside the state of New Mexico, that their addresses were unknown, and their where-

abouts could not be ascertained, and alleging that since San Miguel county is the home of the witnesses, it is believed that they will return and that their attendance can be procured at the next term of court. It is not shown that appellant exercised that due diligence which the discretion of a trial judge would be entitled to require.

■ In order to comply with the statute (§ 105-2404, N.M.Stat.Ann.Comp.1929) the affidavit of the party seeking the continuance, his agent or attorney must state and show "efforts, constituting due diligence, which have been used to obtain such witness or his testimony * * *". The criminal complaint charging the offense was filed on the 14th day of November prior to the trial on December 9th following. We have repeatedly held that the refusing or granting of a continuance where the question of due diligence is involved rests in the sound discretion of a trial court, and that this discretion will be disturbed only for gross abuse. On this and other related points, see Dold v. Dold, 1 N.M. 397; Territory v. Anderson, 4 Gild. 213, 4 N.M. 213, 13 P. 21; Territory v. Padilla, 12 N.M. 1, 71 P. 1084; Ross v. Carr, 15 N.M. 17, 103 P. 307; Perea v. State Life Insurance Co., 15 N.M. 399, 110 P. 559; Territory v. Lobato, 17 N.M. 666, 134 P. 222, L.R.A.1917 A, 1226; Territory v. McFarlane, 7 N.M. 421, 37 P. 1111; State v. Pruett, 22 N.M. 223, 160 P. 362, L.R.A.1918A, 656, 658; Owen v. Thompson et al., 29 N.M. 517, 224 P. 405.

■ Appellant does not show by his supporting affidavit that he had made any affirmative move toward securing the attendance of said witnesses; nothing more than to rely upon the promises of the two witnesses that they would be here to testify "when this case was to be tried", and nothing more than his belief that, since their homes were in San Miguel county, they would return in time for the next term. No effort was made to obtain and have served subpoenas, or in any other way to secure such attendance. Both witnesses were a long way from home—one of them being in California—and both were away seeking employment. We can readily see that the trial court might not appraise the showing here made as due diligence. While the statute is mandatory, and a continuance must be granted when the application for such complies with the statute, yet the application must set out the facts showing due diligence to the satisfaction of the court. Territory v. Torres, 16 N.M. 615, 121 P. 27.

■ The additional question raised under point one, which is that defendant was not arraigned under the information, is also without merit. The record shows that appellant pleaded not guilty "to the information" and the trial proceeded at all times on the theory that appellant had pleaded to the information and was being tried thereupon for the crime charged.

Finding no error, the judgment is affirmed and it is so ordered.

BRICE, C. J., and SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.