# TERRITORY OF HAWAII *v.* SELBESTRI CUTAD, ALIAS SILVESTRI CUTAD.

## No. 2552.

ARGUED AUGUST 29, 1945.                    DECIDED SEPTEMBER 28, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

The defendant, plaintiff in error, was convicted by a jury of the crime of murder in the first degree and sentenced accordingly.   (R. L. H. 1935, § 5994.)

But one of the errors assigned need be considered, *viz.*, that alleged to the giving of the following instruction at the request of the Territory: "You are instructed that you may find the necessary elements of deliberation and premeditation from the nature of the acts of the defendant or from the means used or from other facts and circumstances surrounding the acts.  *Scarcely ever does an accused express audibly that he had formed his purpose to kill, having deliberated and premeditated it.*  A man's mind may be shown by his acts as characterized by all the evidence in the case."   Exception is taken to the portion of the instruction italicized.

In support of the instruction, the Territory calls atten-

tion to the following language of the court in the case of *Rep. Haw.* v. *Tsunikichi*, 11 Haw. 341, 345: "The jury may find deliberation and premeditation from the nature of the act of killing or from the means used or from other facts and circumstances surrounding the act. Scarcely ever does an accused express audibly that he had formed his purpose to kill, having deliberated and premeditated it. A man's mind may be shown by his act." In that case the defendant had been convicted of murder in the first degree and was before this court upon exceptions. One of the exceptions was to the court's refusal to charge on behalf of the defendant that while presumptions of malice are necessarily presumptions of murder yet a presumption of malice, either from the act of killing, the weapon or means used, or from other facts and circumstances surrounding the homicide, raises no presumption as to the degree of murder and consequently no presumption that the homicide is more than the lowest degree of malicious killing, that is, murder in the second degree; but a higher degree of guilt can be established only by additional proof of deliberation, premeditation or reflection. The instruction was held to be erroneous and the language quoted from the opinion of the court expresses the processes of reasoning by which its conclusion was reached.

The respective functions of court and jury in jury trials in respect to questions of law and to questions of fact are governed by Revised Laws of Hawaii 1935, sections 3742 and 3744,[1] both of which are quoted in the margin. In-

---

[1] "Sec. 3742. Functions of court and jury. In jury trials all questions of law shall be decided by the court and all questions of fact by the jury. The court may, however, charge the jury whether there is or is not evidence (indicating the evidence, if any) tending to establish or rebut any specific fact involved in the case; or, if, at the close of the evidence for the Territory in a criminal case or for the plaintiff in a civil case or at the close of all the evidence in the case, the court is of the opinion that the evidence is insufficient to warrant a conviction of

structions of the court are limited to the law applicable to the facts of the case. Decisions upon all questions of fact are within the exclusive province of the jury in the exercise of which function is necessarily included the determination of the weight and sufficiency of the evidence and the credibility of the witnesses. By section 3744, *supra*, the judge is authorized in criminal cases to make such comment on the evidence and the testimony and credibility of any witness as in his opinion is necessary for the proper determination of the case. But this privilege has its inherent limitations. "His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office. In commenting upon testimony he may not assume the role of a witness. He may analyze and dissect the evidence, but he may not either distort it or add to it."[2]

The defendant was charged with the crime of murder in the first degree. Deliberation and premeditation are essential elements of that offense.[3] Murder in the first de-

the defendant or a verdict for the plaintiff, it may, and on motion of the defendant shall, direct the jury to acquit, or find for, the defendant, as the case may be; or, in any civil case or in any criminal case wherein a verdict of guilty has been rendered, the court may set aside the verdict when it appears to be so manifestly against the weight of the evidence as to indicate bias, prejudice, passion or misunderstanding of the charge of the court on the part of the jury; or the court may in any civil or criminal case grant a new trial for any legal cause."

"Sec. 3744. Charge of court to jury; comment in criminal cases. The court shall instruct the jury regarding the law applicable to the facts of the case, and may, in a criminal case, make such comment on the evidence and the testimony and credibility of any witness as in its opinion is necessary for the proper determination of the case. It shall if requested inform the jury that they are the exclusive judges of all questions of fact and, whether requested or not, the court shall so inform them if it comments on the evidence, the testimony or the credibility of any witness."

2 Quercia v. United States, 289 U. S. 466, 470.

3 R. L. H. 1935, § 5992.

gree and murder in the second degree are distinguished under the statute by the absence from the latter of deliberation and premeditation.[4] These distinguishing elements are fact elements to be found by the jury.[5] The prosecution relied for proof of deliberation and premeditation upon the acts and conduct of the defendant preceding the homicide, the inference arising from the secretion upon his person of the lethal weapon and threats made by the defendant against the life of the deceased. Obviously to prove deliberation and premeditation evidence of prior threats made by the defendant against the life of the party murdered is of great weight. It is equally obvious that the absence of audible expressions of intention would serve to weaken proof of deliberation and premeditation. The threats attributed to the defendant against the life of the deceased were denied by the defendant and in extenuation of his act he testified that he merely "poked" the deceased and that he had no intention of killing him, pointing for corroboration to the manner in which he held the weapon when he stabbed the deceased and to his restraint in delivering but one blow. Evidence of lack of intention to kill tended to negative premeditation and deliberation.[6] Hence it was that upon the issue of deliberation and premeditation the evidence was in conflict. The determination of the degree of murder, that is, whether it was of the first or second degree is, under the statute, committed to the jury. (R. L. H. 1935, § 5990.) So that under the indictment in this case it lay within the exclusive province of the jury to find the defendant guilty of murder in the first degree or the second degree, the punishment for the

---

[4] R. L. H. 1935, §§ 5990, 5992.

[5] Ter. v. Kaeha, 24 Haw. 467; Rep. Haw. v. Tsunikichi, *supra*; State of Iowa v. Phillips, 118 Iowa 660, 92 N. W. 876, 883; People v. Schmidt, 168 N. Y. 568, 61 N. E. 907; Commonwealth v. Chapler, 228 Pa. 630, 77 Atl. 1013.

[6] State v. Stenback, 78 Utah 350, 2 P. (2d) 1050.

former of which is death while for the latter imprisonment at hard labor for life or for a term of years.[7]

The instruction as a whole was directed to the issue thus formed of the presence or absence of deliberation and premeditation. If the jury accepted the denial of the defendant of the threats against the deceased attributed to him, the absence of audible expressions of intention to kill would be to the benefit of the accused.

Observations based upon human experience are statements of fact. Instructions of the court are limited to the law applicable to the case. Any observation by the court upon matters of common experience pertinent to the facts would necessarily interject an additional element not warranted by the evidence. "* * * deductions and theories not warranted by the evidence should be studiously avoided."[8]

That the language complained of is the language of this court in the *Tsunikichi* case is no guarantee of its propriety as an instruction in a criminal case upon the law applicable to the case. It was made in the processes of reason by which the conclusion was reached in that case, and however well and accurately put it was improperly embodied in the instruction. As said in the case of *Garfield* v. *The State*, 74 Ind. 60, at 63, where was under review the refusal of an instruction embodying a note from Greenleaf on Evidence: "It is not every statement of the law found in a text-book or opinion of a judge, however well and accurately put, which can properly be embodied in an instruction. The processes of reasoning by which a conclusion is reached, if well made, are appropriate to be found either in text or opinion, but rarely, if ever, is it proper to deliver such reasoning to a jury in the form of instructions. The instruction under consideration does not contain a single proposition of law, but only declara-

---

[7] R. L. H. 1935, § 5994.

[8] Starr v. United States, 153 U. S. 614, 626; Hickory v. United States, 160 U. S. 408-421, 423.

tions of supposed facts, which common experience has perhaps established as true. The teachings of experience on questions of fact are not, however, doctrines of law, which may be announced as such from the bench, nor yet are they matters of proof to be shown as other facts in the case." (See also *Fosse* v. *United States*, 44 F. [2d] 915.)

Another objection to the language of the instruction complained of suggests itself to the court and that is that it is capable of the construction that the court assumed the existence of deliberation and premeditation. The assumption of a fact in controversy, the ultimate determination of which is within the exclusive province of the jury, constitutes prejudicial error.[9] If the participial clause "having deliberated and premeditated it" was used adjectively as qualifying the word "accused" and the verb "had" was used in the perfect tense, the language used is susceptible of the intimation that the accused had formed a deliberate and premeditated intention to kill and even if he had not given expression to such intention his actions were consonant with such intention because "scarcely ever does an accused express audibly that he had formed his purpose to kill, having deliberated and premeditated it." This construction may appear strained but where, as here, the death penalty is involved, too great care cannot be exercised in the protection of fundamental rights. It were better that the defendant have a new trial than that any doubt should exist upon the legality of his conviction.

Upon the hearing the court *sua sponte* requested briefs upon the propriety of an instruction requested by the prosecution embodying the provisions of Revised Laws of Hawaii 1935, section 5991, quoted in the margin.[10] Plain-

---

[9] The State v. Wheeler, 79 Mo. 366.

[10] "Malice aforethought presumed. When the act of killing another is proved, malice aforethought shall be presumed, and the burden shall rest upon the party who committed the killing to show that it did not exist, or a legal justification or extenuation therefor."

tiff in error took the position that the provisions of the statute referred to were inconsistent and in conflict with the presumption of innocence obtaining in criminal cases and the rule of the burden of proof predicated upon that presumption. The prosecution confined itself to the single question of whether the instruction referred to was a proper subject of review. Our disposition of the instant case renders unnecessary a decision upon either of the questions presented. But inasmuch as this case must go back for a new trial and the occasion may arise again for embodying the rules of evidence and order of proof enunciated in section 5991, *supra*, words of caution are not inapplicable. Cases are conceivable in which the provisions of the statute are applicable and that an instruction embodying its provisions might be appropriate if accompanied by supplementary instructions construing the word "presumed" and the word "burden." But the provisions of the statute are not applicable to every case of murder and care should be exercised in its use. It would serve no useful purpose at this time for us to express our views upon the subject but enough is said in 2 McClain on Criminal Law, sections 332 and 333 and the cases cited on page 300, note 3, and page 303, note 1, to give food for thought.

Judgment reversed and new trial ordered.

*A. K. Trask* (also on the briefs) for defendant, plaintiff in error.

*J. R. Desha,* Assistant Public Prosecutor (*W. Z. Fairbanks,* Public Prosecutor, with him on the briefs), for the Territory.