## STATE OF HAWAII *v.* PAUL E. O'KEEFE.

### No. 4205.

NOVEMBER 15, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ,
LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Defendant-appellant, Paul E. O'Keefe, after a jury trial was found guilty of violating section 288-2 of the Revised Laws of Hawaii 1955 and fined $50.00. The appeal was submitted on the briefs without oral argument.

Specifications of error raised by the defendant are as follows: (1) That the court erred in giving State's Instruction No. 9 over objection of appellant; (2) that the court erred in failing to grant appellant's motion for a mistrial following the jury's request for further explanation of a definition of "consideration" and the court's indicating that it had erred in previously giving State's Instruction No. 9.

Section 288-2 of the Revised Laws of Hawaii 1955 reads as follows: "Every person who contrives, prepares, sets up, draws, maintains or conducts, or assists in maintaining or conducting any lottery is guilty of a misdemeanor."

The court gave the jury the following instructions which are pertinent to this opinion: State's Instruction No. 3, State's Instruction No. 8 and State's Instruction No. 9. Defendant's objection to the giving of State's Instruction No. 9 was overruled. We do not consider the specification that Instruction No. 9[1] was erroneous, as this specification has not been argued.

After the jury had retired and deliberated for several hours, the court informed counsel that the jury had requested rereading of the instructions defining consideration. This request was considered in chambers. Defense counsel availed himself of "this opportunity to again renew my objection to the Court having given State's Instruction No. 9 * * *." After argument in chambers, proceedings ensued in the courtroom where the foreman, upon inquiry, informed the court that the jury desired an "explanation of the instruction about pay-consideration." In answer to the question, the court stated to the jury:

"Very well. On that point I will read to you two of the Court's instructions. One is on the statutory definition. I want you to listen very attentively to it because it defines what lottery is, and the other one is on consideration.

---

[1] Instruction No. 9 read: "Notwithstanding whether any of the participating players paid any sum of money to the defendant in order to play the game called Vendo, you are further instructed that if you find from all the evidence that the defendant conducted the game called Vendo as an advertising scheme for his numerous businesses, and that he did receive some benefit from this advertising scheme, then you are to find as a matter of fact that the element of consideration is present."

" 'Lottery is defined under our statutes as follows:

" 'A lottery is any scheme for the disposal or distribution of property by chance among persons who have paid or promised to pay any valuable consideration for the chance of obtaining the property, or a portion of it, or for any share or any interest in the property upon any agreement, understanding or expectation that it is to be distributed or disposed of by lot or chance, whether called a lottery, raffle, che fa, pakapio, gift, enterprise or by whatever name the same may be known.

" 'In this connection, you are instructed that in essence a lottery is a scheme for the distribution of prizes or things of value by lot or chance among persons who have paid a valuable consideration for a chance to obtain a prize.' [State's Instruction No. 3]

" 'Consideration as it is used in these instructions means any benefit accruing to the defendant or any detriment suffered by any of the participating players. In this connection you are instructed that if from all the evidence you find beyond a reasonable doubt that any of the participating players paid any sum of money to the defendant in order to play the game called Vendo, then you are to find as a matter of fact that the element of consideration is present.' [State's Instruction No. 8]

"Does that answer your question?

"Foreman: Yes, your Honor."

At this point, defendant asked for a bench conference and out of the hearing of the jury made the motion for a mistrial "in view of the facts that exist pertaining to State's Instruction No. 9." This was denied. Counsel in making this motion having argued that "if that is not ground, I think the Court has the duty to tell the jury to disregard one of these other instructions here, State's

Instruction No. 9," the court after the conference instructed the jury as follows:

> "This morning I read you one additional instruction on consideration, but in considering the matter and hearing further argument from counsel on that, I have reversed my own ruling on this and I have now refused that as part of the instructions, so to the extent that you had other instructions covering the subject-matter of consideration, that those are to be disregarded, and the only ones you will consider are the two that I just read to you, the statute and the other one."

The jury then resumed deliberations and there was no further request for additional instructions. So far as appears, this last instruction was satisfactory to defendant and fulfilled his request for the withdrawal of State's Instruction No. 9. Rule 30(d) of the Hawaii Rules of Criminal Procedure was not controlling in this case.

Generally, errors in instructions to the jury are cured and become immaterial by the withdrawal of the erroneous instruction. 23 C.J.S., *Criminal Law,* §§ 1322-23; 53 Am. Jur., *Trial,* § 839.

The court has the power to, and may, correct errors in its instructions by withdrawing, explaining or correcting them. This may be done even if the jury had retired and deliberated on the case. *Smith* v. *State,* 146 Ga. 36, 90 S.E. 475; *State* v. *Derry,* 118 Me. 431, 108 Atl. 568; *State* v. *Vigil,* 33 N.M. 365, 266 Pac. 920; *State* v. *Benton,* 38 Del. 1, 187 Atl. 609. See also *Territory* v. *Wong Pui,* 29 Haw. 441, 452. However, the court must clearly inform the jury that the withdrawal of the instruction was absolute, in order to preclude the inference that the jury may be influenced by the erroneous instruction that had been previously given. *Buntin* v. *State,* 68 Ind. 38; *Greenfield* v. *People,* 85 N.Y. 75, 39 Am. Rep. 636. See also

*Territory* v. *Kaeha,* 24 Haw. 467, 471; *Territory* v. *Richardson,* 17 Haw. 231, 236-37.

The action of the court with reference to the erroneous instruction must be made clear to the jury. The court, after rereading to the jury the statutory definition of "lottery" and State's Instruction No. 8, did say that it was reversing its own ruling on the additional instruction on "consideration" which was read to the jury earlier in the morning and that it (has) "now refused that as part of the instructions, so to the extent that you had other instructions covering the subject-matter of consideration, that those are to be disregarded, and the only ones you will consider are the two that I just read to you, the statute and the other one." The intention and the meaning of the court were made clear to the jury. *Massie* v. *State,* 24 Ga. App. 548, 101 S.E. 703; *State* v. *Foss,* 100 Vt. 32, 134 Atl. 636.

When an instruction has been withdrawn, explained or corrected by the court, it will be presumed on appeal that the jury accepted the correction as the law of the case. 3 Am. Jur., *Appeal and Error,* § 1114. The jury did not return for further explanation on the subject of consideration. The judgment will not be reversed where it appears with reasonable certainty that the jury was not misled. *People* v. *Flack,* 125 N.Y. 324, 26 N.E. 267, 11 L.R.A. 807.

This court accordingly holds that the giving of State's Instruction No. 9 over objection of appellant, if erroneous, was cured by the later withdrawal of the instruction and the specific explanation by the court on the subject of consideration. Likewise, the lower court did not err in denying appellant's motion for a mistrial as it subsequently withdrew State's Instruction No. 9 at the request of defense counsel, and charged the jury to disregard the instruction as originally given.

Judgment affirmed.

*Greenstein & Franklin* (*Hyman M. Greenstein*) for appellant.

*John H. Peters,* Prosecuting Attorney, and *Mack H. Hamada,* Deputy Prosecuting Attorney, for appellee.