[No. 1654, August 17, 1914.]

STATE OF NEW MEXICO, Appellee, vs. EDUARDO CHAVEZ, FRANCISCO MONTOYA and MARIANO TRUJILLO, Appellants.

## SYLLABUS BY THE COURT.

1. Sections 2986 and 2987, C. L. 1897, requires a continuance of a cause for absence of a witness only in case the applicant has "no other witness by whom such facts can be fully proved." Where, after the overruling of a motion for continuance, the desired fact is fully proved by other witnesses, the ruling of the court in denying the continuance, even if technically erroneous when made, is rendered harmless.

P. 328

2, 3, 4. Assignments of error held not available upon well established rules of practice.

P. 328

5. An instruction that "there has been manifest perjury by witnesses who have testified in this case, as counsel for both sides have claimed in their argument. They, of course, differ as to which witnesses have testified falsely. It is for you to determine from all of the evidence, which includes the appearance of the witness when testifying as well as what they said, what evidence you credit," held erroneous,

as violative of Section 2994, C. L., 1897, which forbids com-
ment by the court upon the weight of the evidence.

P. 330

Appeal from District Court, Union County; Merritt C.
Mechem, Presiding Judge; Reversed and Remanded.

Isaac Barth, for appellants.

Abuse of discretion. 8 Pac. 685; 6 Cal. 248; 91 Pac.
105; 41 Cal. 456; 6 S. W. 721; 21 Fla. 70; 61 Am. St.
Rep. 334; 62-9 Cyc. 173; 7 Pac. 599; Secs. 2050-2051 C.
L. 1884; 16 L. R. A. 239; 9 Cyc. 186, 177, 173, 183; 13
Tex. App. 468; 12 So. 352; 61 S. W. 119; 14 L. R. A. 609;
32 L. R. A. 108; 92 Mo. 41; 96 M. 298; 93 Mo. 273; 16
L. R. A. 239; 50 N. W. 285; 8 N. M. 583; 2 N. M. 93,
114, 474; 2 Pac. 78; 42 Pac. 63; 78 Pac. 504; 7 Tex. App.
472; 14 Cent. Digest 2502; 107 Ind. 154, 22 La. 43; Sec.
2994 C. L. 1897; 76 N. E. 499; 38 So. 460; 37 Law Ed.
1137; 40 Law Ed. 395; 8 S. E. 536; 4 S. E. 814; 37 Pac.
1031; 24 Pac. 808; 26 Pac. 502.

Variance between allegations and proof. 93 S. W. 722;
95 S. W. 522; 27 Am. St. Rep. 945; 87 S. W. 347; 9 N.
M. 598; 8 N. M. 583; 7 N. M. 532; Sackett Inst. p. 1813;
50 N. W. 285.

Ira L. Grimshaw, for appellee.

Court did not err in compelling defendants to go to
trial without admitting that facts set forth in affidavit for
continuance were true. 15 N. M. 332; 14 N. M. 546, 554-
555.

Court did not err in failing to instruct jury on simple
assault. 89 Pac. 250.

Court did err in giving instruction numbered 16, to the
effect that there had been manifest perjury committed by
witnesses.   Sec. 2994, C. L. 1897; 124 Pac. 399; 59 S. W.
564, 565; 32 Tex. Crim. R. 219-228; 27 Tex. App. 146,
163; 35 Tex. Crim. R. 133, 134-135; 150 S. W. 296; 29
N. C. 24, 28; 47 N. C. 187; 11 Mont. 498, 509; 16 Ga.
368, 375-376; 72 Cal. 623-627; 129 Cal. 258, 262; 142
Ala. 287, 296; 170 Mich. 683, 685; 51 Neb. 672; 56 Neb.

State v. Chaves, 19 N. M. 325

455; 60 Neb. 101; 79 Me. 120; 71 N. J. L. 323; 97 S. W. 815; 138 N. W. 294; 56 So. 401; 16 W. Va. 307; Blashfield Insts. to Juries, Sec. 38.

## OPINION.

PARKER, J.—Appellants were convicted of the crime of assault with a deadly weapon.

They assign error upon the refusal of the court to grant a continuance. The same was sought on the ground of the absence of three witnesses. As to the testimony of one of them, the court required the State to admit that the absent witness, if present, would testify as outlined in the affidavit in support of the motion, but as to the other two witnesses, he did not so require. Three other witnesses were produced by defendants, who testified to the identical facts in substance which it was alleged the absent witnesses would testify to. The sole defense of defendants was that of alibi, and all of the witnesses, both those who testified and those who were absent, were relatives of the defendants and who were absent, were relatives of the defendants and lived at the same place, and some of them in the same houses, with the two absent witnesses. The witnesses who testified fully covered the whereabouts of the defendants during the whole of the time of the occurence of the alleged crime, and some of them covered all or nearly all of the identical facts set up in the affidavit for continuance as the proposed evidence of the two absent witness. Our statute requires an affidavit in support of a motion for continuance that the defendant "knows of no other witness by whom such facts can be fully proved." Section 2986 C. L. 1897. This was done in this case. But the essential fact to be proved was the absence of defendants from the scene of the alleged crime at the time it was committed. This was fully shown by the evidence of the defendants' witnesses and the admission by the State as to the evidence of the one witness. Under such circumstances it is clear that the affidavit of defendants was not true in substance, although it may have been technically so, owing to allegations of some more minute details therein as to the proposed testimony of the absent witnesses, and which details may

not all have been shown by the other evidence.    Under such circumstances, the overruling of the motion for continuance, even if technically erroneous at the time it was done, becomes harmless at the later stage of the trial.

Counsel for defendants assign error because the court did not compel the State to admit the truth of the proposed testimony of the one absent witness as outlined in the affidavit for continuance, but instead only required it to admit that the witness would testify if present.    In other words, counsel attacks the constitutionality of our statute, which was literally followed by the court. Sec. 2987, C. L., 1897.    The answer to this assignment is twofold.  First, no such question was presented to the trial court at the time the requirement was made.    Second, counsel argues an entirely different question in the brief, viz: that it is a violation of defendants' rights to compel them to go to trial without a witness, notwithstanding the admission by the State that the witness, if present, would testify as outlined in the affidavit.    Both the assignment and the argument, therefore, must fail.

Counsel for defendants assign error upon the failure of the court to submit to the jury the question of the guilt of defendants of simple assault.    This assignment is likewise not available to raise the question.    The exceptions to the instructions in the lower court raised no such question, but went simply to the proper definition of assault.    No request for the submission of simple assault to the jury was made by counsel for the defendants.

Counsel urges that there is a fatal variance between the allegations and the proof in this, that the charge is assault with a deadly weapon and the proof shows an ordinary assault and battery and nothing more.    At the close of the case for the State, defendants' counsel moved the court to direct a verdict for defendants as to the second count of the indictment, (assault with deadly weapon) on the ground "that the proof of a completed assault—that is— the completed act of beating or striking—does not support an allegation of an assault, and is an entirely separate and

distinct offense." This motion in no way called to the attention of the court the alleged error set out in the assignment. Nor was it called to the attention of the court in the motion for a new trial. The objection, therefore, is not available in this court.

We may say, however, in passing, that the proof amply supports the charge of assault with a deadly weapon.

A question is raised, however, by the fourth assignment of error. It is this: the court in its sixteenth instruction used the following language, "There has been manifest perjury by witnesses who have testified in this case, as counsel for both sides have claimed in their argument. They, of course, differ as to which witnesses have testified falsely. It is for you to determine from all of the evidence, which includes the appearance of the witness when testifying as well as what they said, what evidence you credit."

Counsel for appellants raise a question which seems to be properly saved below, as to whether this instruction is not a comment on the weight of the evidence within the prohibition of Section 2994, C. L. 1897. It appears from the recital in the instruction that counsel for the State charged the defendants' witnesses with perjury, and that counsel for defendants charged the witnesses for the State with the same offense. Without intimating to the jury with which statement by counsel the court agreed, he did state in effect that he agreed with one of them, and asserted that perjury had been committed. It is true that he left it entirely to the jury to determine, which set of witnesses was guilty of the offense. But he found as a fact, and so stated to the jury, that one set of witnesses had committed perjury. He thus took from the jury one phase of their province, viz. to determine the weight and credibility of the evidence of each and every witness. Just what effect this may have had on the minds of the jury it is impossible to say. Of course, the issue was very narrow, it was as to where the defendants were at the time of the occurrence. But the jury were, by the instruction, debar-

red from giving to the testimony of each witness such weight as, under all the circumstances, it was entitled to. The possibilities of honest error or mistake on the part of the witnesses were eliminated, and the jury were told in effect that if a witness testified one way it was perjury, and if he testified the other way, it was the truth. This was error.

The Attorney General attempts to justify the instructions under the doctrine that where a fact is admitted by both parties, it is not error for the court to assume the fact in an instruction. The doctrine has no application. If counsel for plaintiff asserts that A, a witness for defendant, has committed perjury, and counsel for the defendant asserts that B, a witness for the plaintiff, has committed perjury, there is no admitted fact. Besides, the doctrine relied upon is applicable, so far as we are advised, only when the admitted fact is one involved in the controversy under investigation, and which relates to the merits of the controversy. It is not applicable to a question of the credibility of witnesses.

For the reasons stated, the judgment of the lower court will be reversed, and the cause remanded with instructions to award a new trial, and, IT IS SO ORDERED.