### BOOGIE SANDERS v. STATE.

No. A-2266.   Opinion Filed February 3, 1917.

(162 Pac. 676.)

1. **INDICTMENT AND INFORMATION—Assault With Intent to Kill—Included Offenses.** An information which charges assault with intent to kill includes all other felonious assaults defined in the statute and the misdemeanors, assault and battery and assault.

2. **SAME—Conviction of Included Offense.** The jury is authorized to return a verdict convicting the person on trial of any crime included in the information which is submitted to them by the trial court.

3. **TRIAL—Verdict—Sufficiency.** The verdict of a jury must be sufficient in itself to clearly disclose the crime of which the defendant is convicted, and for which he is to be punished.

4. **ASSAULT AND BATTERY—Verdict—Construction.** A verdict by a jury which reads, "We, the jury, duly impaneled and sworn

to try the above-entitled cause, do upon our oaths find the defendant guilty as charged in the information, of the crime of aggravated assault and the punishment for the court to fix," finds the defendant guilty of assault only. The court is therefore without authority to impose punishment by imprisonment in the penitentiary, for the reason that the statute fixes the maximum penalty at a fine of $100 and costs and 30 days' imprisonment in the county jail.

5.   **APPEAL AND ERROR—Modification of Verdict.** When the trial court fails to impose punishment in keeping with the verdict of the jury, when the legal effect of the verdict of the jury is clear, this court will modify the judgment to conform to the verdict, and, as modified, affirm the same.

*Appeal from District Court, Craig County;*
*Preston S. Davis, Judge.*

Boogie Sanders was convicted of assault, and he appeals. Modified and affirmed.

*Tillotson & Elliott* and *Alvah C. Hough,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, Boogie Sanders, was tried in the district court of Craig county on a charge of assault with intent to kill, and found guilty by the jury of assault. His punishment was fixed by the trial court at imprisonment in the state penitentiary for a term of two years. For a reversal of the judgment this cause is brought to this court upon a transcript of the record. The information in the case is as follows:

"In the district court of Craig county, State of Oklahoma, on the 3d day of November, 1913, in the name and by the authority of the State of Oklahoma, comes Willard H. Voyles, county attorney of the said county of Craig, and gives the court to know and be informed: That Boogie Sanders, late of the aforesaid county, on the 28th day of July, 1913, in the county of Craig, State of Okla-

homa, then and there being, did then and there, willfully, unlawfully, intentionally, wrongfully, and feloniously shoot at and against, and thereby wound and injure one Albert Adams with a certain firearm, to wit, a shotgun then and there loaded with gunpowder and leaden balls, which said shotgun he, the said Boogie Sanders, then and there had and held in his hands, with the intent on the part of him, the said Boogie Sanders, to shoot the said Albert Adams then and there, and thereby to kill and murder contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Oklahoma."

The court instructed the jury that the information charged the crime of assault with intent to kill; that it also included the crime of assault with a sharp and dangerous weapon, without justifiable or excusable cause, with intent to do bodily harm, and the crime of assault, commonly spoken of as simple assault.

The following verdict was returned into court by the jury:

"STATE OF OKLAHOMA, CRAIG COUNTY—SS.:

"In the District Court of Craig County, Oklahoma. State of Oklahoma, Plaintiff, v. Boogie Sanders, Defendant. No. 1145 Criminal. Verdict.

"We, the jury, duly impaneled and sworn to try the above-entitled cause, do upon our oaths find the defendant guilty as charged in the information of the crime of aggravated assault and the punishment for the court to fix.

"J. M. DARROUGH, *Foreman.*"

The verdict in this form was received over the objection of defendant. In this state there is no crime denominated by the statute "aggravated assault." This term was evidently inadvertently used in the verdict of the jury. It is a well-recognized rule of criminal jurisprudence that

the verdict of a jury must, within itself, be sufficient to designate definitely the crime of which the accused is found guilty. In order for this verdict to be upheld, the word "aggravated" must be treated as surplusage, and the verdict of the jury held to mean that the jury found the defendant at the bar guilty of the crime of assault. This crime, under our statute, is a misdemeanor, and the maximum penalty is fixed at a fine of $100 or imprisonment in the county jail for 30 days, or both.

It became necessary for the jury, under the charge of the court, to designate the particular offense of which the accused was found guilty. Section 5923, Rev. Laws 1910, is as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

This section authorizes a jury to convict upon any offense included in the information which was submitted by the court. Under the verdict, *supra*, the jury convicted of assault only. The court, therefore, was without power to impose a judgment of imprisonment in the state penitentiary.

We feel that substantial justice does not warrant a reversal of this judgment, but that the same should be modified to the maximum penalty provided by law for assault, which is a fine of $100 and imprisonment for 30 days. It is therefore ordered and adjudged by this court that the judgment of the trial court be modified so that it will find the defendant guilty of assault and impose punishment of 30 days in the county jail of Craig county and a fine of $100 and costs. Upon failure to pay the fine and

costs, defendant shall be further confined as provided by law.

As modified, the judgment is affirmed.

Mandate ordered forthwith.

DOYLE, P. J., and BRETT, J., concur.