[No. 3365.   Jan. 13, 1930.]

STATE v. PARKER

[285 Pac. 490.]

D. M. Maynor, of Tyler, Tex., Tom W. Neal, of Lovington, and Caswell S. Neal, of Carlsbad, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel and J. A. Miller, Asst. Attys. Gen., for the State.

## OPINION OF THE COURT

SIMMS, J. ▮▮ Appellant was convicted of voluntary manslaughter under an information which charged him with murder in the first degree. Here he raises for the first time the question of the jurisdiction of the trial court to try and sentence him for voluntary manslaughter, and cites section 9, c. 145, Laws 1925, which reads:

"The indictment or information must charge but one offense; but where the same acts may constitute different offenses the accused may be convicted of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set

forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

It would also be well to consider section 15 of the same act, which is as follows:

"No indictment or information is insufficient, nor can the trial, judgment or other proceeding thereon, be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

In this state, prior to the above statute, we have consistently followed the common-law rule that a conviction of a lower degree of crime which is necessarily included within the higher charged by the indictment, if supported by any substantial evidence, will be upheld. Tenorio v. Territory, 1 N. M. 279; Territory v. McGinnis, 10 N. M. 269, 61 P. 208; Territory v. Alarid, 15 N. M. 165, 106 P. 371. It appears, however, that the present case is the first in which we have been called upon to decide whether a conviction for voluntary manslaughter, where there is evidence to sustain it, can be had under an information or indictment charging murder. At common law the conviction could be sustained. Wharton Criminal Law (11th Ed.) par. 675 and cases cited. It remains for us to inquire whether the act of 1925, supra, has changed the rule in this state.

It cannot be doubted that the Legislature intended by the act of 1925 to require that each grade of felonious homicide be set out in a separate count. If appellant had objected seasonably, the trial court would have been obliged to hold that he was entitled to be informed against in a separate count for each grade of felonious homicide with which the state desired to charge him. But he made no such objection. He heard the trial court instruct the jury upon the theory that the information would support a conviction for voluntary manslaughter. He said nothing to call the matter to the court's attention in time to have it corrected, nor did he demand that the jury be charged that the only crime they might consider was murder in the first degree. Appellant speculated on the outcome of the trial, and, after being convicted, cannot be

heard to object, unless the question is one which goes to the jurisdiction of the court and cannot be waived.

In view of section 15 of the act, supra, we think it sufficiently appears that the Legislature did not intend to make the requirements of section 9 jurisdictional in the matter of separate counts in an information. Where, as here, one count contains in general language sufficient allegations of fact to support the charge upon which the conviction was had, there is no jurisdictional defect in the proceedings. The situation is similar to a case of duplicity or misjoinder in an indictment; the defendant must seasonably raise the question of his right to have the several grades of felonious homicide stated separately, or he will be deemed to have waived it. He cannot make his first objection here. Bishop's Criminal Procedure (3d Ed.) vol. I, p. 274. State v. Wallis, 34 N. M. 454, 283 P. 906; 31 C. J. "Indictments and Informations," pp. 823, 878 and 883.

Appellant says that we have held in State v. Taylor, 33 N. M. 35, 261 P. 808, that a lesser degree of crime cannot be included within an information for a higher degree. He misinterprets that decision. We held that assault with a deadly weapon is not necessarily included in a charge of assault with intent to kill, and that an information for the latter would not support a conviction for the former. Voluntary manslaughter *is* necessarily included within a charge of murder. See authorities cited supra.

However, appellant contends that, since we have said in the Taylor Case that our statute is taken from Oklahoma, we are bound by the decisions of that state construing it, under the well-known rule. He cites, and we have carefully considered, the following Oklahoma cases: Smith v. Territory, 14 Okl. 162, 77 P. 187; Cochran v. State, 4 Okl. Cr. 379, 111 P. 974; Sanders v. State, 13 Okl. Cr. 134, 162 P. 676; Polk v. State, 15 Okl. Cr. 324, 176 P. 538; Henderson v. State, 18 Okl. Cr. 611, 197 P. 720; Payne v. State, 30 Okl. Cr. 218, 235 P. 558; Hickman v. State, 32 Okl. Cr. 307, 240 P. 1097. Each of these cases lays down the rule that, where an offense of lower degree is necessarily included in a charge of a higher degree or

grade, an information for the higher will support a conviction for the lower, but, where the offense of which the defendant is convicted is not necessarily included in the charge made by the information, there is a fatal variance between it and the verdict. Appellant can gain no comfort from these cases.

But appellant seeks to break the force of this argument by contending that Oklahoma has a statute authorizing the conviction for a lower degree of crime under an information for a higher, and that we have not, and therefore the Oklahoma cases would be authority for holding that, in the absence of such a statute, the information which charges only the highest degree of the crime would not support a conviction of a lower degree necessarily included within it. The Oklahoma statute reads as follows:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

Revised Laws of Oklahoma 1910, § 5923. It is true that we have no such statute. But the Oklahoma statute (with the possible exception of its application to attempts to commit an offense) is simply a declaration of the common law which is in force in this state. Section 1355, Code of 1915.

And we see nothing in the provisions of chapter 145, Laws of 1925, to indicate that the Legislature intended to repeal section 1355 of the Code, or that it regarded the same as repugnant to or inconsistent with the enactment. In view of the provisions of section 15, supra, we are inclined to the opinion that the reverse would probably be the case. Lewis Sutherland's Statutory Construction, par. 329-331; 36 Cyc., "Statutes," p. 1145, and cases cited.

Appellant next contends that there is error in the refusal of the lower court to grant his request for a directed verdict of not guilty, on the ground that the evidence is not sufficient to go to the jury. Examination of the transcript discloses that first a motion was made as to W. D. Parker, Jr., and sustained; then counsel stated that they wished to make motions for an instructed verdict as to the other two defendants, and they did make such a

motion as to Malcolm Titus, codefendant, which was also sustained. They made no motion to instruct as to appellant; as to him, they may have intended to raise the question of the sufficiency of the testimony to make · out a case for the jury, but they did not do it, and no such question is now before us.

Before trial commenced, appellant moved to quash the information on three grounds which will be separately noticed.

The first one was that at the time the district attorney filed the information, September 21, 1927, there was not on file in the clerk's office any transcript or document from the magistrate showing that a preliminary examination had been held, as required by section 14 of article 2 of our Constitution, as amended by the H. J. R. No. 14 of 1923 (see Laws 1923, p. 351), adopted at the election of 1924. The pertinent words of that amendment with reference to informations for felony are:

"No person shall be held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

It appears that on the 27th of September, after the term of court had opened, and a day after appellant's motion to quash was filed, there was found among the files of this case what purported to be a copy of a criminal complaint and an order of a justice of the peace, binding defendant over to await the action of the district court for murder. These papers were neither certified by the justice of the peace, nor were they marked as filed by the clerk. Defendant did not offer to show that in fact he had not had a preliminary examination. He took below, as he does here, the position that, until something is filed in the district court to show that a preliminary examination has in fact been held or waived, the district attorney has no right to file an information, and the court should quash one so filed. But the language of the constitutional amendment, supra, does not justify such a contention. We have held that the amendment is self-executing, and that it is not necessary either to allege or prove that the preliminary examination was in fact held. State

v. Rogers, 31 N. M. 485, 247 P. 828; see also State v. Vigil, 33 N. M. 365, 266 P. 920. The question is one of fact, as to which the defendant is possessed of ample personal knowledge, and the omission of the magistrate to file his report, transcript, or other paper in the clerk's office has nothing to do with the district attorney's right and power to proceed by information, after the preliminary examination has in fact been held or waived. State v. Vigil, supra.

■ Next appellant's motion to quash was based on the assertion that the verification of the information was made by the district attorney "according to the best of his knowledge, information and belief," which appellant alleges is insufficient under the terms of section 2, c. 145, Laws of 1929. We have just held to the contrary in State v. Whitaker, 34 N. M. 477, 284 P. 119, wherein the authorities are discussed. See, also, State v. Nieto, 34 N. M. 232, 280 P. 248.

■ Appellant's next point in his motion to quash the information is that it was verified by the district attorney before a notary public appointed within and for San Miguel county, but who administered the oath in Guadalupe county, and that such notary was in fact the district attorney's assistant and had no right to administer the oath.

Notaries are appointed "in each county," but their powers and authority extend throughout the state. Section 3924, Code 1915.

■ Appellant cites Bowes v. State, 7 Okl. Cr. 316, 126 P. 580, as holding that a notary public who is deputy county attorney has no power to administer the oath to his chief. That case was decided on the ground that the notary had no such power under Oklahoma law. Nothing was said as to his being assistant to the county attorney. The court held that informations must be verified before a magistrate, as at common law. Section 3932, Code of 1915 of this state, expressly confers upon notaries public the same power to administer oaths and affirmations "in all cases where magistrates and other officers within

the State authorized to administer oaths may do so, under existing laws and with like effect." This disposes of the objection. We attach no importance to the fact that.the notary who administered the oath to the district attorney was also his assistant.

■ Next appellant claims that there is error in the action of the trial court in allowing the district attorney to abuse a defense witness while testifying. We do not find any request from defendant's counsel that the court discipline the district attorney, or strike or withdraw the objectionable remark, or do anything affirmative about it. There is simply an exception. Matters of this kind rest in the sound discretion of the trial court, and we see no such abuse of discretion as to require us to interfere and reverse for this reason. Territory v. Torres, 16 N. M. 624, 121 P. 27; State v. Graves, 21 N. M. 556, 157 P. 160.

■ The giving of the following instruction is assigned as error:

"No. 14. The defendant in a criminal case is not required to satisfy the jury of the existence of any fact which, if true, is a complete defense. It is sufficient if he creates in the minds of the jury a reasonable doubt of the existence of such fact."

Appellant, who set up self-defense, claims that this instruction is erroneous, because it puts upon the defendant the burden of proof to exculpate himself; second, because it was calculated to mislead the jury as to defendant's duty in the case; and, third, because it was, in effect, an instruction upon the weight of the testimony. We find no merit in either of these contentions. Taken in connection with other instruction given, whereby the jury was told that the burden was on the state to prove every material allegation of the information beyond a reasonable doubt and that the presumption of innocence remained with the defendant throughout the trial until removed by proof which convinced the jury of guilt beyond a reasonable doubt, the instruction is not erroneous.

■ Finally, appellant says that three instructions tendered by him and refused, Nos. 1, 2, and 3, were proper instructions and were correct statements of the law, not otherwise given by the court, and the refusal of which was

error. We find that the court has sufficiently covered the questions presented by these proposed instruction in No. 32 of the instructions given, so far as the evidence justified, for which reason the refusal of those tendered was not error.

Finding no reversible error in the record, the judgment of the lower court should be affirmed, and it is so ordered.

BICKLEY, C. J., and CATRON, J., concur.

WATSON and PARKER, JJ., not participating.