189 P.2d 87

**THOMPSON v. SAUNDERS.**

No. 5060.

Supreme Court of New Mexico.

Dec. 30, 1947.

Rehearing Denied Feb. 10, 1948.

Harry L. Bigbee, of Sante Fe, for appellant.

C. C. McCulloh, Atty. Gen., Robert W. Ward, Asst. Atty. Gen., Robert V. Wollard, Asst. Atty. Gen., and William R. Federici, Asst. Atty. Gen., for appellee.

COMPTON, Justice.

Appellant, a small loan operator, instituted this proceeding against the State Bank Examiner, Woodlan Saunders, to restrain the enforcement of the provisions of House Bill No. 96 of the Eighteenth Legislature, Chapter 174, N.M. Sts. 1947, known as the "Small Loan Act", as violative of Section 20, Article 4 of the Constitution, as a first cause of action, and for a declaratory judgment as a second cause of action.

From a judgment dismissing the complaint, the case is brought here for review.

The validity of the Act is challenged on account of the failure of the journals of the House of Representatives and Senate to show that the enrolled and engrossed bill was read publicly in full in each house and signed by the proper officers of each in open session.

The constitutional provision, necessary to a consideration, reads: "Immediately after the passage of any bill or resolution, it shall be [properly] enrolled and engrossed, and read publicly in full in each house, and thereupon shall be signed by the presiding officers of each house in open session, and the fact of such reading and signing shall be entered on the journal."

The court made findings of fact which we deem necessary to a decision, as follows:

"9. The enrolled and engrossed copy of H. B. No. 96, duly signed by the officers of the House and Senate, and approved and signed by the Governor, was deposited with the Secretary of State as a public record in her office within the time required by law, and is now on file in said office as such public record.

"15. That the journal of the Senate kept by the Senate during the regular session of the legislature of the State of New Mexico, which was the Eighteenth Regular Session of the state legislature, does not

show that House Bill No. 96 was either read in full or that the enrolled and engrossed copy thereof was read in full in open session, or signed in open session by the officers of the senate."

■ An examination of the record shows that the findings are supported by substantial evidence. Consequently, such findings are binding here.

■ This brings the case squarely within the rule announced in Kelley v. Marron, 21 N.M. 239, 153 P. 262, 270, where this court committed itself to the "enrolled and engrossed bill" doctrine, that is to say, that an enrolled and engrossed bill, properly authenticated, approved by the Governor, and deposited with the Secretary of State as a part of the records of that office, is conclusive as to the regularity of its enactment, and that the courts cannot look beyond the duly authenticated bill to the journals to ascertain whether constitutional requirements have been complied with in its enactment.

This provision was before the court in Smith v. Lucero, 23 N.M. 411, 168 P. 709, 711. There the Senate journal affirmatively showed that the resolution did not receive the required majority. In sustaining the rule it said: "It was the evident intention of the constitutional convention in inserting this section to provide that in all cases the Legislature should put out to the world a finished product, and that all questions of procedure in the enactment of any bill or resolution should be left behind and not open to inquiry. * * * and that all questions about the procedure or contents of the action should be settled once for all by the enrolled and engrossed bill or resolution."

In State v. Hall, 23 N.M. 422, 168 P. 715, 718, the rule again was re-affirmed in the following language: "This question, however, is foreclosed by the decision of this court in the case of Kelley v. Marron, 21 N.M. 239, 153 P. 262. In that case the court, without reservation, committed itself fully to the doctrine that courts cannot go behind an enrolled and engrossed bill, properly authenticated, found in the office of the secretary of state as a part of the records of that office."

Notwithstanding, appellant strongly urges that we should look to the journal to ascertain whether the bill in question had been *signed and certified as required by the Constitution*. If, as in Smith v. Lucero, supra, where the journal affirmatively showed that a proposition did not receive the required majority, it was held that we could not look beyond the enrolled and engrossed bill, by what reason may mere silence of the journal be permitted to impeach it? We fail to appreciate the distinction. In any event, the question is foreclosed by the decisions of this court.

■ It is our opinion that when a bill has been duly introduced, finally passed by both houses, signed by the proper officers of each, approved by the Governor, and filed in the office of the Secretary of State, it is properly authenticated as required by the Constitution, and so appearing, as an enrolled and engrossed bill, resort to the journal or other evidence, is inadmissible to contradict or impeach it.

■ Nevertheless, the journal is an indispensible and constituent part of legislative procedure and the directory provision regarding it ought to be followed. It may strongly support a challenged statute (Earnest v. Sargent, 20 N.M. 427, 150 P. 1018) but at no time will it be permitted to speak in opposition to a regularly enrolled and engrossed bill.

In support of his contention, appellant cites Smith v. McMichael, Ga.Sup., 45 S.E. 2d 431, as tending to show that the court which had theretofore adopted the "Enrolled bill" rule, had departed from its former holding in this respect and had considered evidence other than the enrolled bill in determining the validity of the questioned act. The court there was considering a constitutional provision which reads: "No local or special bills shall be passed, unless notice of the intention to apply therefor shall have been published in the newspaper in which the Sheriff's advertisements for the locality affected are published, * * * pre-ceding * * * the General Assembly. No local or special bill shall become law unless there is *attached to and made a part of said bill* a copy of said notice certified by the publisher, * * * to the effect that said notice has been published as provided by law." Const.1945, art. 3, § 7, par. 15. (Emphasis ours.)

That court re-affirmed the "enrolled bill" rule, and then held the Act void for the reason that the enrolled bill did not embrace the required notice as a part of the act. It took notice of the enrolled bill itself as showing non-compliance. It was held to be the manifest intention of this provision that the bill as finally enrolled as the statute should manifest its regularity. The construction was not inconsistent with prior decisions of that court.

We, therefore, conclude that the enrolled and engrossed bill, thus signed by the proper officers of each house, approved by the Governor and filed in the office of the Secretary of State as a part of the records of that office, is not only the best evidence as to its regularity and authenticity, but is conclusive, without reservation, that all constitutional requirements have been fully complied with in its enactment.

Our decision renders unnecessary discussion of the second cause of action. It would be without purpose.

Accordingly, the trial court was correct in sustaining the Act and dismissing appel-

lant's cause. The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN and McGHEE, JJ., concur.

SADLER, J., did not participate.