276 P.2d 499

B. R. CLARY, Claimant-Appellant,

v.

DENMAN DRILLING CO., Employer,

Employers Mutual of Wausau, Insurer,

Defendants-Appellees.

No. 5814.

Supreme Court of New Mexico.

Nov. 9, 1954.

Joseph L. Smith, Lorenzo A. Chavez, Arturo G. Ortega, Albuquerque, for appellant. ..

Rodey, Dickason, Sloan, Mims & Akin and John D. Robb, Albuquerque, for appellees.

McGHEE, Chief Justice.

The question for determination is whether a workman injured while working on a drilling rig may collect a fifty percent penalty under our Workmen's Compensation Act from an employer who has failed to provide a safety device for the rig, thus causing an injury.

It is not disputed the claim stated a cause of action under § 57–907, 1941 Compilation, absent the amendment of such statute by Ch. 96, Laws of 1953. Prior to the amendment the statute read:

> "In case an injury to, or death of a workman results from his failure to observe a statutory regulation appertaining to the safe conduct of his employment, or from his failure to use a safety device provided by his employer, then the compensation otherwise payable under this act * * * shall be reduced by fifty per centum (50%). In case an injury to, or death of, a workman results from the failure of the employer to provide the safety devices required by law, or in any industry in which safety devices are not provided by statute, if an injury to, or

death of, a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman, then the compensation otherwise payable under this act * * * shall be increased by fifty per centum (50%). Provided further, that any additional liability resulting from any such negligence on the part of the employer shall be recoverable from the employer only and not from the insurer, guarantor or sureties of said employer under this act * * * except that this shall not be construed to prohibit employers from insuring against such additional liability."

Chapter 96, supra, as enrolled, engrossed and published in the 1953 Session Laws, reads:

"Section 1. That Section 57–907 of the New Mexico Statutes Annotated, being Chapter 92, Section 5 of the Laws of 1937, be and the same is hereby amended to read as follows: "(a) In case an injury to, or death of a workman results from his failure to observe statutory regulations appertaining to the safe conduct of his employment, or from his failure to use a safety device provided by his employer, then the compensation otherwise payable under the Workmen's Compensation Act shall be reduced by fifty (50%) per centum. In case an

injury to, or death of a workman results from the failure of an employer to provide safety devices required by law, or prescribed by the Labor Industrial Commission of New Mexico as hereafter provided, then the compensation otherwise payable under the Workmen's Compensation Act shall be increased by fifty (50%) per centum. Provided, further, that any additional liability resulting from any such negligence on the part of the employer shall be recoverable from the employer only and not from the insurer, guarantor or surety of said employer under the Workmen's Compensation Act, except that this shall not be construed to prohibit an employer from insuring against such additional liability.

"And provided further, that no employee of such employer shall file a claim for such additional fifty (50%) per centum compensation under the Workmen's Compensation Act on the basis of an injury, nor shall a dependent of a deceased employee file a claim on the basis of the death of a workman, suffered because of the lack of a safety device, unless said claim shall identify the specific safety device which it is claimed was not furnished by the employer; and the employer shall be under a like duty to specifically allege the specific safety device which it is claimed an employee failed

to use before the employer may claim a reduction of fifty (50%) per centum as herein provided."

The 1953 bill as originally introduced, Senate Bill No. 269, according to the records in the office of the Secretary of State, reads:

"Be It Enacted by the Legislature of the State of New Mexico:

"Section 1.

"That Section 57–907 of the New Mexico Statutes Annotated, being Chapter 92, Section 5 of the Laws of 1937, be and the same is hereby amended to read as follows:

"(a) In case an injury to, or death of a workman results from his failure to observe statutory regulations pertaining to the safe conduct of his employment, or from his failure to use a safety device provided by his employer, then the compensation otherwise payable under the Workmen's Compensation Act shall be reduced by fifty (50%) per centum. In case an injury to, or death to a workman results by the failure of an employer to provide safety devices required by law, or prescribed by the Labor Commissioner of New Mexico as hereafter provided, then the compensation otherwise payable under the Workmen's Compensation Act shall be increased by fifty (50%) per centum. Provided, further, that any additional liability resulting

from any such negligence in the part of the employer shall be recoverable from the employer only and not from the insurer, guarantor or surety of said employer under the Workmen's Compensation Act, except that this shall not be construed to prohibit an employer from insuring such additional liability.

"(b) The Labor Commisioner of New Mexico is empowered to and shall issue regulations prescribing safety devices to be used in the conduct of all businesses of employers coming under the mandatory terms and provisions of the Workmen's Compensation Act.

"(c) The Labor Commissioner in prescribing safety devices to be required and used by various industries and businesses, shall allow the employers involved a reasonable time, not to exceed six months, in which to comply with regulations ordering the adoption of such safety devices.

"(d) After the date designated by the Labor Commissioner under paragraph (c) of this Act for the adoption of such safety devices, no employee of such employer shall file a claim under the Workmen's Compensation Act on the basis of *na* injury suffered because of the lack of a safety device, unless the device is one ordered to be installed as herein provided and unless the specific device be identified in the claim

filed by such employee." (Italics omitted.)

The 1953 Senate Journal, of which we take judicial notice, Earnest v. Sargent, 1915, 20 N.M. 427, 150 P. 1018, contains, among other matters not here material, the following:

"March 11, 1953, pages 682, 683.

"Senate Bill No. 269 was read in full the third time preparatory to its final passage.

"Senator Lusk moved that Senate Bill No. 269 be placed on its final passage, subject to debate, amendment or substitution, which motion was duly seconded and carried.

"Senator Lusk offered Floor Amendment No. 1 to Senate Bill No. 269, as follows:

"1. On page 2 of the printed bill, lines 6, 7 and 8, strike the words 'or prescribed by the Labor Commissioner of New Mexico as hereafter provided,' and insert in lieu thereof the provisions of the original act reading as follows: 'or in any industry in which safety devices are not provided by statute, if an injury to, or death of, a workman results from the negligence of the employer in failing to supply reasonable safety devices in general use for the use or protection of the workman'.

"Senator Lusk moved the adoption of Floor Amendment No. 1 to Senate Bill 269, which motion was duly seconded and carried, and Floor Amendment No. 1 was duly adopted.

"Senator Lusk offered Floor Amendment No. 2 to Senate Bill No. 269, as follows:

"1. On page 2 of the printed bill, strike all of subparagraphs (b), (c) and (d), being lines 16 to 31 inclusive, and insert in lieu thereof, the following: 'And provided further, that no employee of such employer shall file a claim for such additional fifty (50%) per centum compensation under the Workmen's Compensation Act on the basis of an injury, nor shall a dependent of a deceased employee file a claim on the basis of the death of a workman, suffered because of the lack of a safety device, unless said claim shall identify the specific safety device which it is claimed was not furnished by the employer; and the employer shall be under a like duty to specifically allege the specific safety device which it is claimed an employee failed to use before the employer may claim a reduction of fifty (50%) per centum as herein provided'.

"Senator Lusk moved the adoption of Floor Amendment No. 2 to Senate Bill No. 269, which motion was duly seconded and carried and Floor

Amendment No. 2 was duly adopted.

"Senator Lusk moved that Senate Bill No. 269, as amended Do Pass, which motion was duly seconded and carried, and upon roll call, the vote on the final passage of same was as follows:

"Ayes: (Names)          Total 27
"Nayes: (Names)         Total 2

"The vote on the final passage of Senate Bill No. 269, as amended, having been 27 in the affirmative and 2 in the negative, the President declared that Senate Bill No. 269, as amended, had duly passed the Senate."

Unfortunately, floor amendment No. 1 was omitted from the enrolled and engrossed bill, and there is no record in either the Senate or House Journals showing it was stricken, so we may only presume such omission occurred through error or neglect of some one charged with the duty of seeing the amendments were included in the bill as finally enrolled and engrossed, signed by the officers of the House and Senate and approved by the Governor, and then filed with the Secretary of State.

■ Absent such mistake the controversy in this case would not have arisen, and we would have had a bill easily understood without a suggestion of ambiguity, equally fair to the employer and employee. As the act now appears in the books, the injured employee is penalized fifty percent of his compensation when his injury is caused by his failure to use a safety device in any industry covered by the act, while the employer, so far as we can determine, is only penalized when he is in the mining industry and the device is required by the Mine Safety Act, § 67–2001 et seq., N.M.S.A.1941.

The appellant had his claim for the penalty dismissed, and he asks under his first point that we hold Ch. 96, supra, unconstitutional and void because, as he says, it is vague, ambiguous, uncertain and meaningless.

Under his second point, he urges in the event Ch. 96, Laws of 1953, is held to mean there is a delegation to the labor industrial commission of the power to prescribe safety devices, such is an invalid delegation of legislative power. It may be well to state here that the commission has taken no action in the matter.

His third and final point reads:

"If chapter 96 of the Laws of 1953 is declared unconstitutional wholly or, in part, then that part of chapter 96 which is so declared will not serve to repeal the part or parts of sec. 57–907 which would have been repealed had the corresponding section of chapter 96 been held constitutional."

■ The writer of this opinion has never been enamored of the rule we will not go behind the enrolled and engrossed bill to determine the contents of a legislative act, but it is too strongly entrenched

in our jurisprudence to be overruled at this late date. In addition, there are many strong reasons why such rule is adopted in so many jurisdictions, as stated in Kelley v. Marron, 1915, 21 N.M. 239, 153 P. 262; Smith v. Lucero, 1917, 23 N.M. 411, 168 P. 709; and Field v. Clark, 1891, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294. We followed these cases in our latest pronouncement on the subject: Thompson v. Saunders, 1947, 52 N.M. 1, 189 P.2d 87.

Notwithstanding the strong temptation that is present here—to prevent an injustice to an injured workman and the frustration of the legislative will—the evils that would likely follow prevent our accepting the journal entries as record of the bill actually passed, regardless of the fact such record is made under constitutional provision. Article 4, § 12, N.M.Const.

The briefs contain many arguments on intent, with numerous citations to cases to uphold the respective contentions of the parties whether it was the intent of the legislature to emasculate the penalty provisions or delegate power to the labor commission to prescribe safety devices, but the action of the Senate, as reflected by the journal, leaves no room for speculation. The question is whether we have a valid and workable act, Beatty v. City of Santa Fe, 1953, 57 N.M. 759, 263 P.2d 697, although admittedly one-sided, given us in the enrolled and engrossed bill, approved by the Governor and filed in the office of the Sec-retary of State. We analyze such act as follows:

1. It penalizes all workmen coming under the provisions of the Workmen's Compensation Act whose injuries are caused by their failure to observe statutory regulations appertaining to the safe conduct of their employment, or from their failure to use a safety device provided by the employer. Such was the state of the law in New Mexico for many years until the legislature amended the act to also penalize the employer for failure to furnish statutory safety devices, or such devices in general use in the industry, when their absence resulted in injury to the workman.

2. The employer is still penalized where such devices are required by statute, although we are only mindful of such requirements in the Mine Safety Act, supra.

3. An employer who claims an employee was injured because of his failure to observe safety regulations or use safety devices furnished by the employer, and who desires to penalize the employee on account thereof must state the regulation the employee failed to follow or the safety device he failed to use; and the injured employee who invokes the penalty provision must likewise identify the mining safety device in his claim.

We still have the second sentence of subparagraph (a), which we will quote, italicizing the troublesome words left in the bill, although they were ordered strick-

en by floor amendment No. 1 in the Senate:

"* * * In case of an injury to, or death of a workman results from the failure of an employer to provide safety devices required by law, *or prescribed by the Labor Industrial Commission of New Mexico as hereafter provided,* then the compensation otherwise payable under the Workmen's Compensation Act shall be increased by fifty (50%) per centum. * * *"

As originally introduced, the Labor Commissioner was given the power to make safety regulations in industries coming under the act. Upon recommendation of the Senate Judiciary Committee, March 6, 1953, Senate Journal 1953, pps. 546, 547, the bill was amended to provide this power should be given to the Labor Industrial Commission. However, as we have seen, this was stricken from the bill, and we are unable to bring ourselves to the conclusion the italicized language quoted above is such a grant of power, especially in the absence of any standard given by the legislature to guide and control the commission. We can only conclude such language was left in the bill by inadvertence and, at most, standing alone it must be treated as surplusage.

We reluctantly hold Chapter 96 of the Laws of 1953 is valid and the only law in our books on safety devices. This holding effectively disposes of the other points raised by the appellant. No doubt the legislature at its next session will correct the glaring inequity of the present law and place the employers and employees on an even basis in this regard. Had the solemn action of the Senate in adopting the amendments proposed by Senator Lusk been properly carried into the bill, we venture the prediction no one would have stated the act was not fair to both employer and employee.

The judgment will be affirmed and it is so ordered.

We concur:

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.