283 P.2d 619

The STATE of New Mexico, Plaintiff-
Appellee,

v.

John KLANTCHNEK, Defendant-Appellant.

No. 5893.

Supreme Court of New Mexico.

May 3, 1955.

John J. Wilkinson, Portales, for appellant.

Richard H. Robinson, Atty. Gen., J. H. Burttram, Special Asst. Atty. Gen., Fred M. Standley, Asst. Atty. Gen., for appellee.

McGHEE, Justice.

The appellant was convicted of driving a motor vehicle upon a public highway while under the influence of intoxicating liquor and sentenced to a term of 90 days in jail, a part of which was ordered suspended on the payment of costs in the sum of $200. In addition, the sentencing judge ordered the driver's license of appellant suspended for 12 months.

The trial was upon an information filed in the district court on March 12, 1954, and the prosecution proceeded under § 54, Ch. 139, Laws of 1953, § 64–22–2, 1953 Comp., which reads as follows:

"Persons under the influence of intoxicating liquor or of drugs. (a) It is unlawful and punishable as provided in paragraph (d) of this section for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this State.

"(c) It is unlawful and punishable as provided in paragraph (d) of this section for any person who is an habitual user of or under the influence of any narcotic drug, or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle to drive a vehicle within this state. The fact that any person charged with a violation of this paragraph is or has been entitled to use such drug under the laws of this state shall not constitute a defense against any charge of violating this paragraph.

"(d) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less

than 30 days nor more than 1 year, or by fine of not less than $100 nor more than $1,000, or by both such fine and imprisonment. On a second or subsequent conviction he shall be punished by imprisonment for not less than 90 days nor more than 1 year, and, in the discretion of the court, a fine of not more than $1,000.

"The Commissioner shall revoke the license or permit to drive and any nonresident operating privilege of any person convicted under this section.

"(e) Justices of the peace shall have jurisdiction to accept a plea of guilty to a first offense under this section and to impose a fine of $100."

Prior to the trial the appellant filed a motion to quash the information on the following grounds:

"1. That said statute violates Section 1 of the Fourteenth Amendment of the United States Constitution and Section 18 of Article 2 of the New Mexico Constitution, in that said statute denies equal protection under the law.

"2. That said statute coerces persons charged with the offense therein created to plead guilty before a Justice of the Peace and therefore avoid the possibility of a more severe punishment in District Court should he desire to exercise his constitutional right of a jury trial.

"3. Said statute permits a delegation of judicial power to an administrative officer.

"4. Said statute permits the defendant to be deprived of his property without due process of law.

"5. Said statute contains no standard for witnesses or officers to determine the forum in which the Information shall be filed for the same offense."

The motion was denied and following the return of the verdict of guilty, a motion for judgment non obstante veredicto was made upon substantially the same grounds and also denied.

The assignments of error here are:

"1. That the Court erred in overruling the Motion to Quash the Information and the Motion for Judgment Non Obstante Veredicto, for the reason that Chapter 64, Article 22, New Mexico Statutes, 1953 Compilation, (Chapter 139, Session Laws of 1953) is unconstitutional in that such statute denies to the citizens of the State of New Mexico the equal protection of the laws as required by the Fourteenth Amendment to the Constitution of the United States and by Article 2, Section 18 of the New Mexico Constitution.

"2. That the Court erred in overruling the Motions so made by the defendant for the reason that Chapter 64, Article 22, New Mexico Statutes, 1953 Compilation, is unconstitutional and void in that such statute is uncertain and ambiguous in its application and meaning and no conviction will lie under said statute.

"3. That the Court erred in overruling the Motions so made by the defendant for the reason that Chapter 64, Article 22, New Mexico Statutes, 1953 Compilation (Chapter 139, Session Laws of 1953) is unconstitutional and void for the reason that the jurisdiction of Justice of the Peace Courts is enlarged to excess.

"4. That the Court erred in overruling the Motions so made by the defendant for the reason that Chapter 64, Article 22, New Mexico Statutes, 1953 Compilation, (Chapter 139, Session Laws of 1953) is unconstitutional and void for the reason that said statute permits a delegation of judicial authority to an administrative officer."

As the propositions urged in assignments two and three were not raised below, they will not be considered here, although the question of the jurisdiction of a justice of the peace in felony cases will be passed upon under appellant's assignment No. one. State v. Williams, 1946, 50 N.M. 28, 168 P. 2d 850; State v. Lopez, 1942, 46 N.M. 463, 131 P.2d 273; State v. Harris, 1937, 41 N.M. 426, 70 P.2d 757; State v. Parker, 1930, 34 N.M. 486, 285 P. 490. The same rule applies to constitutional questions not raised below. Taylor v. Shaw, 1944, 48 N.M. 395, 400, 151 P.2d 743; Miera v. State, 1942, 46 N.M. 369, 129 P.2d 334; State v. Chavez, 1914, 19 N.M. 325, 142 P. 922, Ann. Cas.1917B, 127.

It is strongly urged that the statute involved here violates the Fourteenth Amendment to the Constitution of the United States, and Art. 2, § 18 of the New Mexico Constitution, in that it denies equal protection of the laws, and that a defendant hailed into the justice court is fined $100 on a plea of guilty, while if he is charged in the district court he may be punished by a sentence of one year in the penitentiary.

The statute so reads, but if we hold the offense 'is a felony, then that part of it which purports to give a justice of the peace jurisdiction of a felony runs afoul of §§ 13 and 23 of Art. 6 of the New Mexico Constitution giving the district courts of New Mexico exclusive jurisdiction in felony cases. State v. McKinley, 1949, 53 N.M. 106, 112, 202 P.2d 964.

Our statute, § 40–1–3, 1953 Comp., reads:

" 'Felony' defined.—A felony is a public offense punishable with death, or which is, or, in the discretion of the

288

court, may be punishable by imprisonment in the penitentiary; or any other public offense which is, or may be, expressly declared by law to be a felony." Section 40–1–4, 1953 Comp., reads:

" 'Misdemeanor' defined.—Every other public offense is a misdemeanor."

See also § 42–1–37, 1953 Comp., which provides that all persons sentenced to imprisonment for more than six months shall be imprisoned in the penitentiary, and that all courts in which such judgments shall be had shall give judgment accordingly.

It is true the penalty provided by the 1929 Act, Ch. 75, Title V, § 60, for operating a motor vehicle on a public highway while under the influence of intoxicants is the same as is provided by section (d) of the 1953 Act under consideration; but it was provided by § 59 of the 1929 Act that all offenses not denounced as felonies were misdemeanors, and as operating a vehicle on a public highway was not classified as a felony, this Court held in State v. Sisneros, 1938, 42 N.M. 500, 82 P.2d 274, such offense was a misdemeanor, due, no doubt, to the legislative classification.

It was stated in State v. Lucero, 1944, 48 N.M. 294, 150 P.2d 119, we would hesitate by construction to ascribe to the legislature the intention to create a felony out of what had theretofore been declared to be a misdemeanor, and we have the same hesitation

here; but we do not find any classification of the offense under consideration as a misdemeanor in the 1953 Act, and we are of the opinion sections 40–1–3 and 42–1–37, 1953 Comp., supra, became operative as to the offense here involved.

We realize the serious consequences to the defendants who have been convicted in the district courts for violating the section of the 1953 Act here involved, but we are of the opinion and hold that the offense is a felony and subsection (e) is severable, so the entire section does not fall. See In re Gibson, 1931, 35 N.M. 550, 4 P.2d 643; State v. Walker, 1929, 34 N.M. 405, 281 P. 481; Schwartz v. Town of Gallup, 1917, 22 N.M. 521, 165 P. 345; State v. Brooken, 1914, 19 N.M. 404, 143 P. 479, L.R.A.1915B, 213. Subsection (d) remains, therefore, we have a complete, workable statute. Clary v. Denman Drilling Co., 1954, 58 N.M. 723, 276 P.2d 499.

■ The appellant strongly urges the provision of the statute permitting the Motor Vehicle Commissioner to cancel a driver's license for one day, ten days, one year or twenty years (because of the lack of limitation of his power in this regard) also renders the statute void. The appellant is not in position to urge this point as his license was suspended by the trial judge, and he does not assign such action as error. State v. Lucero, supra. The granting of such un-

limited power in this respect to an administrative officer must have been a legislative oversight, but we will reserve decision on the point until it is properly before us.

■ In addition to what has been said above, the appellant contends that under the language of the act one under the influence of intoxicating liquor sitting in his car in his own garage or on his driveway would be guilty of a felony, and says this is an additional reason for our declaring the entire section unconstitutional. The defendant is not in position to urge this point as he was tried and convicted for operating his motor vehicle upon a public highway. The title of the act shows it relates only to highways, and we are confident the district judges will not permit the trial and conviction of a person under the circumstances just outlined. We will postpone a decision on such question until it is properly before us. State v. Tinsley, 1930, 34 N.M. 458, 283 P. 907.

We now have a new legislative act covering the offense of operating a motor vehicle while under the influence of intoxicating liquor and future violators will, of course, be prosecuted under such act after its effective date.

The provisions of the section denouncing the offense and providing for trials in the district court and pleas of guilty in the justice court are severable, and under the facts present in this case so much of the statute as is here involved is valid, and the conviction is affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.